# MRS. BENJAMIN F. DINKINS, ETC.,

*v.*

# PRESCOTT & MEHRHOFF COMPANY.

## On Demurrer to Complaint.

---

Ponce, Law, No. 280.

### Employers' Liability.

General Demurrer—Overruled.

1. Saying that a complainant does not state facts sufficient to constitute cause of action is a general demurrer and will not be considered.

Employers' Liability Act—Notice.

2. An allegation that notice was given does not comply with the statute that requires that notice must be given in writing.

Same—Minors.

3. Under § 40 of the Porto Rico Code of Civil Procedure a minor is allowed six months after he has obtained majority to commence any action which he is entitled to bring.

Patria Potestas—Extent.

4. Under *patria potestas* the parent is authorized to represent the minor in general, and this extends to representation in suits for the child's advantage.

Uncertainty—Statement of Law.

5. Uncertainty in pleadings relates only to the facts and is designed to enable the parties and court to understand them. It is not necessary that a complaint set out the law under which it is brought. The law is self-executing and will be read into a complaint.

Negligence—Employer's Liability.

6. Sections 1803 and 1804 of the Civil Code covered all questions of negligence, but the legislature has carved out and segregated from them a special system as to negligence between master and servant.

Opinion filed October 23, 1914.

Dinkins v. Prescott & Mehrhoff Co.

*Mr. Ed Flores Colon* for plaintiffs.

*Mr. José C. Ramos* for defendant.

HAMILTON, Judge,. delivered the following opinion:

There was an amended complaint filed in this cause and to this has been interposed a demurrer setting up several grounds.

1. Saying that the amended complaint does not state facts sufficient to constitute a cause of action is a general demurrer which, under previous decisions of this court, will not be considered.

2. The second ground alleges that the complaint shows it is barred by the provision of § 6 of the employers' liability act, § 921 of the Revised Statutes of Porto Rico: The contention of the demurrant is that the complaint does not allege notice of time, place, and cause of injury, signed by the person entitled to recover and given to the employer within thirty days after the accident. The law provides that no action shall be maintained for such damages unless notice is so given, "or unless it is commenced within six months from the date of the injury." It seems that the accident was in March and the complaint filed in October, which would be more than six months after the accident. This would present a case where notice is required under the statute. It is true that in paragraph 8 of the complaint notice is alleged to have been given, but it is not alleged that this notice was in writing, nor are all the elements of the notice set out. This ground of demurrer must be upheld so far as the suit is to be considered as brought by Mrs. Dinkins on her own account, and the complaint is defective fur-

Dinkins v. Prescott & Mehrhoff Co.

ther in not setting out fully the name of this plaintiff. She is merely described by her husband's name.

3. Under § 40 of the Code of Civil Procedure a minor is allowed six months after he attains majority to commence any action which he is entitled to bring. So far as this suit, therefore, is to be considered as on behalf of the minors, it is not brought too late, whether notice was properly given or not. The six years would begin to run only from the majority of the minors. Perez v. Guanica, Centrale, 17 P. R. R. 927.

4. It is further set up that the plaintiff has no legal capacity to sue as mother with *patria potestas* without judicial authority, and reference is made to law No. 33 of the Acts of 1911, amending art. 282 of the Civil Code. Section 282 refers to the duties of a tutor, and under § 237 "the object of tutorship is the custody of the person and property, or if only the property, of such persons who, not subject to *patria potestas,* are incapable of governing themselves." It is true that the act referred to covers other subjects than tutorship, but none of them define or limit the powers of the parent possessing *patria potestas* so as to affect the case at bar. Section 229 of the Civil Code is amended by this act so as to require the parent to obtain authority of court before alienating or encumbering real property of the minor, but this does not apply in the case at bar. The subject of *patria potestas* is a wide one into which it is not necessary to enter. Under it the parent is authorized in general to represent the minor, and no law or decision has been pointed out denying such right of representation in suits. The Code of Civil Procedure, adopted by Porto Rico from western states, has been most fully construed in California. It, like the other Codes of that state, was to a large extent based upon the com-

VII. Porto Rico—18.

mon law, and the right of *patria potestas* is not known at common law. It comes down, as its name implies, from Roman law, which originally gave complete control, in fact ownership, of the child and his property to the father. Many of the principles of the Roman law on the subject still survive in the Porto Rican Civil Code, in connection with which the Code of Civil Procedure has to be construed. So far as the right to sue is concerned it would seem to be covered by § 223, (1) of the Civil Code, which gives the parent the right to represent the child in all matters which are for the child's advantage. No authority has been cited for restricting this right to matters *in pais,* and it is to be held as covering also suits at law. Such a right would be true even at common law, although there the suit would be in the name of the child as suing by next friend.

5. The demurrer further alleges that the complaint is uncertain in that it cannot be ascertained whether plaintiff sues under the employers' liability act or under some general provision of the Civil Code. Uncertainty in pleading relates only to the facts. Certainty is defined as "such clearness or distinctness of statement of the facts which constitute the cause of action or ground of defense that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give the judgment." Bouvier's Law Dict. s. v. Certainty. There is no requirement that a complaint shall set out the law under which it is brought, much less that it shall set out which of two laws is applicable. The law is self-executing and is to be considered as read into a complaint. The complaint in question therefore is not affected by uncertainty.

6. As between the employers' liability act and the general

law of negligence, this court has held that the former applies to questions growing out of the relation of master and servant, and that the latter applies to all other questions of negligence. In other words, §§ 1803 and 1804 of the Civil Code, when they were adopted, covered all questions of negligence, but the legislature has since that time carved out a special system for negligence growing out of the relation of master and servant. Diaz v. Fajardo Development Co. 2 Porto Rico Fed. Rep. 152; Colon v. Ponce & G. R. Co. 3 Porto Rico Fed. Rep. 367. And to the same effect is Velez v. Llavina, 18 P. R. R. 656. It may be added that the complaint purports in so many words to be brought under the employers' liability act.

The demurrer therefore is overruled, except as to the second ground.